UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEXIS LORENZO,

                                                 Docket No.: 1:25 cv 06756 (LJL)

                          Plaintiff,

            v.                                   **ANSWER AND AFFIRMATIVE**
                                                 **DEFENSES**

LEGAL SERVICES of NEW YORK CITY,

                          Defendant.

-------------------------------------------------------------X

        Defendant LEGAL SERVICES NYC s/h/a "LEGAL SERVICES OF NEW YORK CITY"

by and through their attorneys, Rivkin Radler LLP, answer the allegations of the Plaintiff's

Complaint, as follows:

                              Jurisdiction and Venue

        1.      Paragraph 1 of the Complaint does not contain allegations of fact, but rather legal

conclusions and Defendant refers all questions of law to the Court for adjudication. To the extent

this paragraph is interpreted to include factual allegations of wrongdoing, Defendants deny

violating any and all laws, including, but not limited to, 42 U.S.C. § 1981, Title VII, the ADA, the

ADEA and the New York State Human Rights Law.

        2.      Admit.

        3.      Defendant admits Plaintiff filed Charges of Discrimination with the EEOC but

denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained

in Paragraph 3 of the Complaint.

        4.      Defendant admits that Plaintiff identifies as a Black Latina female but denies

knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 4 of the Complaint.

1

5.      Admit.

6.      Paragraph 6 of the Complaint does not contain allegations of fact, but rather legal

conclusions and Defendant refers all questions of law to the Court for adjudication. To the extent

this paragraph is interpreted to include factual allegations of wrongdoing, Defendants deny

violating any and all laws, including, but not limited to, 42 U.S.C. § 1981, Title VII, the ADA, the

ADEA and the New York State Human Rights Law.

7.      Denied.

Background Facts

8.      Admit.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Defendant admits that Anne Nacinovich occupied an office on the 9th floor of

Defendant's Bronx Office with Plaintiff, that Ms. Nacinovich complained in 2017 that Plaintiff's

perfume odor was making her sick, and that Defendant's central office is located at 40 Worth

Street, New York, New York. Defendant denies knowledge sufficient to form a belief as to whether

the "9th floor is a space with a large open floor plan that accommodates 57 desks" and whether Ms.

Nacinovich's office was located six doors down from Plaintiff.  Defendant denies the remaining

allegations contained in Paragraph 12 of the Complaint.

13.     Denied.

14.     Defendant admits that Marie Richardson is a Black female. Defendant denies

knowledge sufficient to form a belief as to whether Ms. Richardson was the first Black Project

2

Director or what, if anything, Plaintiff observed. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Defendant admits that on December 11, 2023, it circulated a job positing for the Bronx Deputy Project Director position because Jill Siegel was retiring from that position. Defendant admits that Ms. Richardson reviewed and approved the posting that required candidates to have either a Juris Doctorate and admission to the New York Bar or a Master's degree in Public Administration. Plaintiff misquotes portions of the job posting, the complete copy of which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendant admits that Plaintiff met the minimum criteria for the Bronx Deputy Project Director position but denies that Plaintiff was the best qualified candidate for the position. Defendant admits the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits that on January 9, 2024, the initial job posting was rescinded, that a second job posting drafted and approved by Siegel was circulated, and that Paula Arboleda submitted an application.  Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.    Defendant admits that Plaintiff complained to Ms. Richardson about the change in the job posting, to which Ms. Richardson explained there was a mistake in the original job posting. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.    Defendant admits that on January 24, 2024, Ms. Richardson circulated an email to the Bronx Office inviting anyone interested in volunteering on the hiring committee for the Deputy Project Director search to contact her by January 26, 2024, and that Ms. Richardson began forming the hiring committee for the position. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that in March 2024, Plaintiff, Ms. Martinez-Gunter and Ms. Arboleda were interviewed for the position.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that on March 26, 2024, Ms. Richardson called Plaintiff and explained that she was reviewing the interview evaluations, that the hiring committee referred Ms. Arboleda and Ms. Martinez-Gunter for her to interview, and that Plaintiff asked Ms. Richardson if she accepted the hiring committee's decision, to which Ms. Richardson responded yes. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint as not an accurate description of their conversation.

22.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that on May 20, 2024, Plaintiff went out on leave but denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Ms. Lambert is the Director of the Social Work Unit at the Bronx Legal Services office and that she alleged discrimination in the hiring process but denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that it retained Robinson & Cole LLP to conduct an investigation into claims made by Ms. Lambert, denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Denied.

27.     Admit.

28.     Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC and NYSDHR, denies that it discriminated and/or retaliated against  Plaintiff and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Admit.

30.     Admit.

31.     Defendant admits that on January 29, 2025, it responded to Plaintiff's accommodation request, denies the remaining allegations contained in Paragraph 31 of the Complaint, and refers to the January 29, 2025, memo, which speaks for itself.

32.     Defendant admits that on February 7, 2025, Plaintiff filed an internal complaint, which speaks for itself. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Admit.

34.     Denied.

35.     Defendant admits to extending Plaintiff's accommodation request for an additional three months and denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits that Plaintiff filed a second Amended Charge of Discrimination, denies that it discriminated and/or retaliated against Plaintiff, and states that the second Amended Charge of Discrimination speaks for itself.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## Count I

43.     Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

## Count II

47.     Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

48.     Paragraph 48 of the Complaint does not contain allegations of fact, but rather legal conclusions and Defendant respectfully refers all questions of law to the Court for adjudication. To the extent Paragraph 48 could be interpreted to include allegations of wrongdoing by Defendant, any such allegations are denied.

49.     Denied.

50.     Denied.

## Count III

51.     Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

52.     Paragraph 52 of the Complaint does not contain allegations of fact, but rather legal conclusions and Defendant respectfully refers all questions of law to the Court for adjudication.

To the extent Paragraph 52 could be interpreted to include allegations of wrongdoing by Defendant, any such allegations are denied.

53.    Denied.

54.    Denied.

## Count IV

55.    Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

56.    Paragraph 56 of the Complaint does not contain allegations of fact, but rather legal conclusions and Defendant respectfully refers all questions of law to the Court for adjudication. To the extent Paragraph 56 could be interpreted to include allegations of wrongdoing by Defendant, any such allegations are denied.

57.    Denied.

58.    Denied.

## Count V

59.    Defendants repeat and incorporate their responses to the preceding paragraphs as if fully set forth herein.

60.    Denied.

61.    Denied.

62.    Denied.

## Jury Demand

63.    Paragraph 63 does not contain allegations of fact and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not know about Plaintiff's alleged disability nor did Defendants perceive Plaintiff to be disabled.

### FOURTH AFFIRMATIVE DEFENSE

Defendants made reasonable, good faith efforts to accommodate Plaintiff's request for leave.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken in regard to Plaintiff were legitimate, non-discriminatory, non-retaliatory and based on legitimate reasons.

### SIXTH AFFIRMATIVE DEFENSE

Several of Plaintiff's claims/allegations are barred by the statute of limitations.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint and denying all requests for relief, and awarding Defendant its costs and attorney's fees, together with such other relief as this Court deems proper and just.

Dated: New York, New York
       September 30, 2025

Respectfully submitted,

RIVKIN RADLER LLP
*Attorneys for Defendant,*
*Legal Services NYC s/h/a*
*"Legal Services of New York City"*

By:

Jonathan B. Bruno
477 Madison Avenue, Suite 410
New York, New York 10022
(212) 455-9555
Jonathan.Bruno@rivkin.com

TO:    All parties via ECF